IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 22, 2004 Session


## PATRICIA ALBRIGHT v. LLOYD A. BUTTON, ET AL.


**Appeal from the Probate Court for Loudon County**
**No. 2619      William H. Russell, Judge**

_____

**No. E2003-015910COA-R3-CV - FILED JULY 20, 2004**

_____


D. MICHAEL SWINEY, J., concurring


While I concur with the majority to reverse the decision of the Trial Court and to dismiss Ms. Albright's Complaint, I write separately to express my disagreement with the majority's decision to take judicial notice of certain facts. I agree completely with the majority's discussion of what the law is as to summary judgment, interpretation of a will, conditional bequests, and judicial notice. However, I cannot agree with the majority that this Court can take judicial notice that "[e]ssentially all of the services recited as conditions in the Deceased's will are services that would be rendered by a hospital such as Parkwest for individuals admitted to the hospital on an inpatient bases." While I suspect that such is true, I cannot say that such a "fact" is "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Tenn. R. Evid. 201(b). This being so, I cannot agree that this is a "fact" which is appropriate for judicial notice.

Having stated my disagreement, I do concur with the decision to reverse the Trial Court's grant of summary judgment and to dismiss Ms. Albright's Complaint. I believe the undisputed material facts contained in the record show, as found by the majority without resorting to judicial notice, that the Deceased's clear intent in making the conditional bequest in Section 5.1 of the will was to provide for his future care by Ms. Albright at his home after he left the hospital. Section 5.2 of the will provides, basically, that the conditional bequests fails "If PATRICIA ALBRIGHT failed to provide personal assistance and care-giving services to me during my lifetime in accordance with all the terms and conditions of <u>Section</u> 5.1 above . . . ." Section 5.2 of the Deceased's will does not require that Ms. Albright refused or declined to provide the services for the

bequest to fail, but requires only that she "failed" to do so.  I believe the undisputed facts show that Ms. Albright, through no fault of her own, "failed to provide personal assistance and care-giving services. . ." to the Deceased at his home after he left the hospital.  The conditional bequest fails not because Ms. Albright refused to provide these services, which she did not, but simply because Ms. Albright failed to provide these services because the Deceased never returned home from the hospital.  This being so, I agree with the majority that the conditional bequest fails and, therefore, I concur with the majority to reverse the decision of the Trial Court and dismiss Ms. Albright's Complaint.


_____
D. MICHAEL SWINEY, JUDGE